**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEXTER VASSAR EL**[1]                                               **CIVIL ACTION**

**VERSUS**                                                            **NO.   21-412**

**DARREL VANNOY, WARDEN**                     **SECTION: "J"(5)**

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

*Procedural History*

Petitioner, Dexter Vassar El, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On September 8, 2017, Vassar El was charged by bill of information with forcible rape of M.B., a 13-year-old girl.[2] After a three-day trial, on November 20, 2019, a jury found Vassar El guilty as charged.[3] Vassar El's

---

[1] Petitioner, who claims to be of "Moorish American Nationality," styles his name in some court documents as "Vassar El." Rec. doc. 20.

[2] State Rec., Vol. 1 of 1, Bill of Information, 9/8/17.

[3] State Rec., Vol. 1 of 1, Minute Entry, 11/18/19; Minute Entry, 11/19/19; Minute Entry, 11/20/19.

motion for a new trial was denied.[4]   On December 2, 2019, the State filed a multiple bill.[5] On December 3, 2019, Vassar El refused to appear in court for his scheduled multiple bill and sentencing hearing, and the matter was rescheduled for the following day.[6]   On December 4, 2019, Vassar El refused to be transported to court.[7]   On that date, the trial court found Vassar El to be a double offender and sentenced him to 80 years imprisonment to be served at hard labor and without benefit of parole, probation, or suspension of sentence.[8]

On June 2, 2020, Vassar El filed an application for post-conviction relief with the trial court, seeking an out-of-time appeal.[9]   In that application, he asserted (1) violation of the Fourth Amendment; (2) violation of the Fifth Amendment; and (3) denial of effective assistance of counsel.[10]   On March 30, 2021, the trial court denied relief finding that petitioner failed to allege a claim that would entitle him to relief as required by Louisiana Code of Criminal Procedure article 928.[11]

---

[4] State Rec., Vol. 1 of 1, Motion for New Trial and Objection to La. C. Cr. P. Art. 782(A) and La. Const. Art 1 § 17, 12/4/19; Minute Entry, 12/4/19.

[5] State Rec., Vol. 1 of 1, Multiple Bill, 12/2/19; Minute Entry, 12/2/19.

[6] State Rec., Vol. 1 of 1, Minute Entry, 12/3/19.

[7] State Rec. Vol, 1 of 1, Minute Entries, 12/4/19.

[8] State Rec., Vol. 1 of 1, Minute Entries, 12/4/19; Sentence of the Court, 12/4/19; Notification of Registrar of Voters Parish of New Orleans, 1/9/20

[9] State Rec., Vol. 1 of 1, Application for Post-Conviction Relief, 6/2/20.   Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).   Petitioner's signature on his application was notarized on April 8, 2021.   The certificate of service of the post-conviction application made a part of the state record is dated April 13, 2021.

[10] *Id.*

[11] State Rec., Vol 1 of 1, Docket Master Entry, 3/30/21.   The State refers to minute entries dated June 2, 2020 and March 30, 2021.   *See* Rec. doc. 29, p. 2 n. 7.   Those minute entries, however, are not included the state court record.

On February 4, 2021, the Orleans Parish Clerk's Office received Vassar El's notice of appeal dated January 22, 2020.[12]   On March 30, 2021, the trial court found petitioner's notice of appeal untimely.[13]   Vassar El did not seek further review in state court.

On February 19, 2021, Vassar El filed an application for habeas corpus relief.[14]   In his application, Vassar El claims: (1) violation of ex post facto laws; (2) violation of the Sixth Amendment right to effective assistance of counsel; and (3) violation of the Fifth Amendment privilege against self-incrimination.

The State concedes that Vassar El's petition in is timely.[15]   The State claims that petitioner's claims are unexhausted and procedurally defaulted.   Vassar El filed a number of pleadings including a reply brief, supplemental briefs, and an affidavit in support of his ineffective assistance of counsel claim.[16]

### *Preliminary Review: Exhaustion and Procedural Default*

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must first exhaust his remedies in the state courts before seeking habeas corpus relief from the federal courts. *See* 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).   As the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial

---

[12]   State Rec., Vol. 1 of 1, Notice of Appeal, 2/4/21 (dated 1/20/20).

[13]   State Rec., Vol. 1 of 1, Docket Master Entry, 3/30/21.

[14]   Rec. doc. 5, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

[15]   Rec. doc. 29.

[16]   Rec. docs. 26, 37, 30, and 31.

> proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner 'must have fairly presented the substance of his claim to the state courts.'" *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). That requirement applies to all levels of review in the state-court system, meaning that a petitioner's federal claim must have been "fairly presented" to "each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added). As the United States Fifth Circuit has explained:

> Fair presentation does not entertain presenting claims "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation marks omitted). The purposes of the exhaustion requirement "would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

*Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, in order to exhaust fully, the substance of the federal habeas claim must be fairly

4

presented to the State's highest court. *See Whitehead v. Johnson*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). In Louisiana, the highest state court is the Supreme Court of Louisiana. *See* La. Const. art. V, § 5(A).

Here, the State correctly contends that none of Vassar El's claims have ever been fairly presented to the Louisiana Fourth Circuit or the Louisiana Supreme Court in a procedurally proper manner and remain unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State...."); *Spellman v. Cain*, Civ. Action No. 15-824, 2016 WL 2637658, at *3-4 (E.D. La. Feb. 19, 2016), *report and recommendation adopted*, 2016 WL 2594837 (E.D. La. May 5, 2016); *Carty v. Thaler*, 583 F.3d at 253-54 ("When undertaking review, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts."). He therefore has not exhausted his state-court remedies as required by federal law.

Typically, the Court would recommend that the petition be dismissed without prejudice to allow Vassar El to pursue exhaustion of his claims in the appropriate state courts. However, the State correctly asserts that because state-court review of the claims is no longer available, the federal claims are barred by the doctrine of procedural default. Even if a habeas claim may be considered "technically" exhausted because a petitioner may no longer litigate the claim in state court, the habeas claim may nonetheless be subject to procedural default. "Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an

independent and adequate ground for the dismissal or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred." *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999) (citing *Coleman*, 501 U.S. at 735 n. 1, 111 S.Ct. 2546) (footnote omitted). Under either scenario, a petitioner is considered to have forfeited his federal habeas claims. *Id.* Vassar El is no longer able to bring his unexhausted claims in the Louisiana Fourth Circuit or the Louisiana Supreme Court. He is procedurally barred from doing so under state law because his time for seeking review in that court has run. Additionally, any attempt to re-litigate his claims now likely would be dismissed as repetitive under Louisiana Code of Criminal Procedure article 930.4, or as time-barred by the provisions of Louisiana Code of Criminal Procedure article 930.8.[17] When state-court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. *See Coleman*, 501 U.S. at 722, 111 S.Ct. 2546.

A federal habeas petitioner may be afforded federal review of a procedurally defaulted claim only if he demonstrates "cause" for his default and "prejudice attributed thereto," or that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997)

---

[17] Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken. Vassar El's conviction and sentence became final on January 3, 2020, when the time prescribed by La. Code Crim. P. art. 914 expired and no motion for an appeal was made. Art. 930.4(D) provides that "[a] successive application may be dismissed if it fails to raise a new or different claim." Art. 930.4(E) also provides "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application." Applications for post-conviction relief must be filed within "two years of the date of the judgment of conviction and sentence has become final under the provisions of Article 914 or 922" unless an exception to the time limitation applies. La. Code Crim. P. art. 930.8(A).

6

(citing *Coleman*, 501 U.S. at 731–32); *Amos v. Scott*, 61 F.3d 333, 338–39 (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989) and *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Here, Vassar El has made no effort to establish cause for his failure to pursue the defaulted claims in the Louisiana Fourth Circuit and the Louisiana Supreme Court. His own ignorance of procedural rules for filing does not suffice as cause. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). This Court's review of the record does not support a finding that any factor external to the defense prevented him from raising the claims in a procedurally proper manner or that any action or inaction on the part of the State prevented him from doing so. "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n. 43).

A petitioner may avoid a procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, a petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Glover*, 128 F.3d at 902. To satisfy this standard, a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). To show factual innocence, the petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195

7

(W.D. Tex. 1997) (footnote omitted); *see Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997) (actual-innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

Vassar El points to no new evidence that would show his actual innocence of the crime for which he was convicted. Thus, he has failed to overcome the procedural bar to his claims.

Finally, although not argued in the memoranda submitted, the Court addresses the propriety of applying a procedural bar to Vassar El's ineffective assistance of counsel claim in light of the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). In *Martinez*, the Supreme Court held that a procedural bar imposed by a state court " 'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.' " *Trevino*, 569 U.S. at 417, 133 S.Ct. 1911 (quoting *Martinez*, 566 U.S. at 17, 132 S.Ct. 1309). Here, Vassar El raised his ineffective assistance of counsel claim in his application for post-conviction relief. The trial court denied relief and Vassar El failed to file for supervisory writs.

Vassar El's claim of ineffective assistance of counsel is not substantial. Vassar El claims that attorney Tina Peng, of the office of the Orleans Public Defender, was ineffective when Vassar tried to reserve his rights "as a free and Sovereign Moorish American

National."[18]   He further claims that Peng failed to "correct" the prosecutor's "falsified document" stating that Vassar El had been convicted of rape in the Parish of Jefferson "which resulted in an illegal multiple bill sentence, and an unconstitutional jury trial."[19]   He also claims that Peng was ineffective in failing to file a motion for an appeal.[20]

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel.   Specifically, a petitioner seeking relief must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.   *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."   *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.   *Strickland*, 466 U.S. at 697.

Vassar El, however, fails to recognize that, from the time of his arraignment, he repeatedly elected to represent himself.   On September 12, 2017, after he advised the state district court that he wished to represent himself, the court appointed the Orleans Public Defender to assist him.[21]   On September 21, 2018, the state district court allowed Vassar El

---

[18]  Rec. doc. 30, p. 3.

[19]  *Id.*

[20]  Rec. doc. 30-1, pp. 5-6.

[21]  State Rec., Vol. 1 of 1, Minute Entry, 9/12/17.

additional time to consider whether he would continue to represent himself.[22] On October 9, 2018, after questioning Vassar El regarding his ability to represent himself and advising him of his responsibilities in defending himself, the state district court maintained its ruling that Vassar El could continue to represent himself and appointed Peng as standby counsel.[23] After the case was transferred to a different division, on March 12, 2019, the trial court confirmed that Vassar El represented himself.[24]

The record reflects that Vassar El "refused the appointment of counsel to 2nd chair."[25] Vassar El also refused to speak with Peng and attorney Emily New of the office of the Orleans Public Defender during jail visits and court appearances.[26] Both Peng and New were present in court from the start of voir dire, but they did not participate.[27] Throughout trial, Vassar El refused to speak to Peng and New, and they did not participate in the proceedings.[28] Vassar El conducted cross-examination of the State's expert witness, the only witness he chose to cross-examine, and made a closing argument in his defense.[29]

The December 2, 2019 minutes confirm that Vassar El represented himself at all

---

[22] State Rec., Vol. 1 of 1, Minute Entry, 9/21/18.

[23] State Rec., Vol. 1 of 1, Minute Entry, 10/9/18.

[24] State Rec., Vol. 1 of 1, Minute Entry, 3/12/19.

[25] State Rec., Vol. 1 of 1, Minute Entry, 11/18/19.

[26] *Id.*

[27] *Id.*

[28] State Rec., Vol. 1 of 1, Minute Entry, 11/19/19; Minute Entry, 11/20/19.

[29] State Rec., Vol. 1 of 1, Minute Entry, 11/20/19.

proceedings.[30] On that day, after he addressed the trial court, the multiple-bill hearing was re-scheduled for the following day.[31] On December 3, 2019, Vassar El was transported to the courthouse, but he refused to appear in court.[32] When Vassar El refused to be transported to court on December 4, 2019, the trial court held the multiple-offender hearing and sentenced Vassar El *in absentia*.[33] Attorney Sarah O'Brien of the Orleans Public Defender Office was present but did not advocate for Vassar El's interests during the hearing or sentencing.[34]

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.' " *Marshall v. Rodgers*, 569 U.S. 58, 62 (2013) (quoting *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004), and citing *United States v. Cronic*, 466 U.S. 648, 653-654 (1984) and *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963)). A criminal defendant, however, also has the right to self-representation to "proceed without counsel when he intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). A trial court can appoint standby counsel to assist the defendant (even over the defendant's objection), so long as standby counsel does not unduly impinge on the defendant's self-representation. *Faretta*, 422 U.S. at 834 n.46; *McKaskle v. Wiggins*, 465 U.S. 168, 174-79 (1984). However, once a defendant elects to represent himself, he has "the entire

---

[30] State Rec., Vol. 1 of 1, Minute Entry, 12/2/19.

[31] *Id.*

[32] State Rec., Vol. 1 of 1, Minute Entry, 12/3/19.

[33] State Rec., Minute Entries, 12/4/19.

[34] *Id.*

11

responsibility for his own defense, even if he has standby counsel." *Faretta*, 422 U.S. at 835 n. 46.

The Fifth Circuit explained the role of standby counsel as follows:

> Standby counsel does not *represent* the defendant. The defendant represents himself, and may or may not seek or heed the advice of the attorney standing by. As such, the role of standby counsel is more akin to that of an observer, an attorney who attends the trial or other proceeding and who may offer advice, but who does not speak for the defendant or bear responsibility for his defense.

*United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991).

The courts have recognized that there is *no* constitutional right to have *both* counsel and to represent one's self through a "hybrid representation" scheme. *McKaskle*, 465 U.S. at 182; *Randolph v. Cain*, 412 F. App'x 654, 658 (5th Cir. 2010); *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010) ("There is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel.") (citation omitted) When a defendant makes a request to act as co-counsel or some version of hybrid representation, the protections discussed in *Faretta* do *not* apply. *Randolph*, 412 F. App'x at 658. Further, a defendant is not entitled to "choreograph special appearances by counsel," *McKaskle*, 465 U.S. at 183. Nor is a defendant entitled to repeatedly "alternate his position on counsel in order to delay his trial or otherwise obstruct the orderly administration of justice." *Taylor*, 933 F.2d at 311 (citations omitted).

The federal courts have long recognized that once a defendant voluntarily waives his right to counsel and represents himself, he is prevented from asserting a claim of ineffective assistance of counsel. *See Faretta*, 422 U.S. at 834 n.46. The *Faretta* court made clear that, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Id.*

12

The Supreme Court has "emphasized that although the defendant 'may conduct his own defense ultimately to his own detriment, his choice must be honored.' " *Godinez v. Moran*, 509 U.S. 389, 400 (1993) (quoting *Faretta*, 422 U.S. at 834).

It is clear from the record that Vassar El elected to represent himself and that Peng was appointed as an "advisor," also referred to as "advisory counsel," "shadow counsel," and "standby counsel."[35] Thus, when Vassar El's appointed counsel was made standby counsel, counsel did *not* represent petitioner and had *no* duty to act as *co*-counsel for Vassar El; rather the obligation was on Vassar El to present any matter, including a motion for leave to appeal, to the court. *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (noting that although a defendant has a constitutional right to represent himself, there is no right to hybrid representation, partly by counsel and partly by himself).

The Supreme Court made clear that standby counsel may be appointed to "aid the accused if and *when the accused requests help*...." *Faretta*, 422 U.S. at 832-34 (citation omitted). In this case, Vassar El does not allege that he made any attempt to speak to or contact standby counsel to request help. Rather, Vassar El repeatedly refused to speak to standby counsel and voluntarily absented himself from the multiple-bill and sentencing hearing. Furthermore, there is no evidence that Vassar El moved to terminate his self-representation and reasserted his right to counsel. Nor is there any evidence that the trial

---

[35] State Rec., Vol. 1 of 1, Minute Entry, 4/9/18; Minute Entry, 5/18/18; Minute Entry, 6/18/18; Minute Entry, 6/21/18; Minute Entry, 7/9/18; Minute Entry, 7/25/18; Minute Entry, 8/9/18; Minute Entry, 8/10/18; Minute Entry, 9/14/18; Minute Entry, 9/21/18; Minute Entry, 10/9/18; Minute Entry, 10/29/18; Minute Entry, 11/27/18; Minute Entry, 1/15/19; Minute Entry, 1/30/19; Minute Entry, 2/20/19; Minute Entry, 2/26/19; Minute Entry, 3/12/19; Minute Entry, 5/14/19; Minute Entry, 11/6/19; Minute Entry, 11/8/19; Minute Entry, 11/21/19; Minute Entry, 11/15/19; Minute Entry, 11/18/19; Minute Entry, 11/191/19; Minute Entry, 11/20/19; Minute Entry, 11/21/19; Minute Entry, 12/2/19.

court appointed an attorney from the office of the Orleans Public Defender as full counsel, rather than standby counsel, at Vassar El's sentencing.

Given standby counsel's limited role, Vassar El is not entitled to any relief for any alleged claim that standby counsel did not adequately represent him or file a motion to appeal. *United States v. Hill*, 425 F. App'x 292, 297 (5th Cir. 2011) (finding petitioner was not entitled to relief as to ineffective assistance of standby counsel when petitioner acted as his own counsel) (citing *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998)); *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011) ("Because Oliver had no constitutional right to standby counsel and because Oliver acted as his own counsel while he was proceeding pro se, he cannot prevail on a claim that standby counsel was ineffective") (citation omitted); *Jackson v. New Mexico Atty. Gen.*, 546 F. App'x 759, 761 (10th Cir. 2013) (declining to issue an certificate of appealability where Jackson admitted he did not ask standby counsel to file an appeal and when he alleged he did not want standby counsel to speak on his behalf); *Wilson v. Parker*, 515 F.3d 682, 697 (6th Cir. 2008) (to the extent standby counsel failed to act during trial, petitioner "merely suffered the consequences of his decision to proceed pro se "); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) ("Therefore, the inadequacy of standby counsel's performance, without the defendant's relinquishment of his *Faretta* right, cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment."); *United States v. Foster*, 230 F.3d 1364, 2000 WL 1511762 (8th Cir. Oct. 12, 2000) (per curiam).

Vassar El's claim that his standby counsel was ineffective in failing to correct a "falsified" multiple bill alleging that Vassar El had been convicted of rape in Jefferson Parish is not substantial for another reason. The claim is patently false. The multiple bill filed

14

by the prosecutor charges that Vassar El was found guilty of second-degree rape in the Parish of Orleans on November 21, 2019, and had previously been found guilty of possession of a firearm by a convicted felon in Jefferson Parish on October 10, 2006.[36]

Finally, his claim that standby counsel failed to reserve his rights "as a free and Sovereign Moorish American National"[37] is also not substantial for a reason other than the fact that Vasser El represented himself. It appears that Vassar El claims that standby counsel failed to file a proposed motion to quash the bill of information for lack of jurisdiction due to his alleged sovereign citizenship.[38] While that specific motion was never filed, the state-court record is replete with pro se filings by Vassar El seeking dismissal due to lack of jurisdiction. The state district court denied Vassar El's claim of want of jurisdiction on two separate occasions.[39]

"[T]he United States does not recognize the Moorish Nation as a sovereign state." *State v. Williams*, 2016-KA-1192 (La. App. 4 Cir. 10/18/17), 316 So. 3d 1145, 1151 n. 11) (citations omitted); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (describing the "sovereign citizen" defense to jurisdiction as "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (holding the sovereign citizen

---

[36] State Rec., Vol. 1 of 1, Multiple Bill, 12/2/19.

[37] Rec. doc. 30, p. 3.

[38] *See* rec. doc. 30-2, pp. 1-4.

[39] State Rec., Vol. 1 of 1, Ruling, 6/10/19 (signed 6/5/19); Minute Entry, 1/15/19.

defense to prosecution has "no conceivable validity in American law"); *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) ("[T]here is no constitutional support for the sovereign citizen claims"); *Berman v. Stephens*, No. 4:14-CV-860-A., 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (holding that reliance on "sovereign citizen" theory is frivolous). Standby counsel did not act unreasonably in failing to file a motion to quash where there was no compelling legal precedent or circumstances to support such a motion in Vassar El's case. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (counsel is not required to make futile motions or frivolous objections); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *see also Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (" '[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite.' ") (citation omitted).

Vassar El has not raised a substantial claim of ineffective assistance of counsel. Accordingly, for the reasons expressed, Vassar El has failed to overcome the procedural bar to afford review of his claims. All of his claims are procedurally defaulted and therefore not subject to federal habeas review.

## RECOMMENDATION

**IT IS RECOMMENDED** that Dexter Vassar El's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[40]

New Orleans, Louisiana, this   14th   day of           October          , 2021.

  MICHAEL B. NORTH
  UNITED STATES MAGISTRATE JUDGE

---

[40] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.